# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS JOHN HEYDEN,<br><br>　　　Plaintiff<br><br>v.<br><br>MINERAL COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　Defendants | Case No.: 3:24-cv-00451-ART-CSD<br><br>**Order** |

Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. At the time he filed the complaint, he was an inmate in custody of the Mineral County Detention Facility. His complaint was not accompanied by an application to proceed *in forma pauperis* (IFP) on the court's form along with the required financial certificate and inmate trust fund account statement for the past six months. On October 9, 2024, the court issued an order giving Plaintiff 30 days to file a completed IFP application with the required documentation or pay the filing fee. Plaintiff was cautioned that a failure to timely do so would result in a recommendation for dismissal of this action without prejudice. (ECF No. 3.)

That order was returned as undeliverable with a notation that the address (that provided by Plaintiff on his filings) was insufficient. It appears that Plaintiff may have provided an incorrect address for the Mineral County Detention Facility.

## ORDER

The Clerk shall **SEND** a copy of this Order as well as ECF No. 3 and the instructions and application to proceed IFP for an inmate to Plaintiff at the Mineral County Detention Facility, 105 A Street, Ste 4, Hawthorne, NV 89415.

Plaintiff has **30 days** from the date of this Order to:

(1) File a notice of corrected address with his correct contact information; and

(2) Either file his completed IFP application or pay the full $405 filing fee. The IFP application must be accompanied by all the required documents, including:

    (a) the completed **application to proceed IFP for an inmate** on the court's approved form (i.e., pages 1-3 with the inmate's two signatures on page 3);

    (b) a **financial certificate** properly signed by both the inmate and a prison or jail official (i.e., page 4 of the court's approved form); and

    (c) a copy of the inmate's prison or jail **trust fund account statement for the previous six-month period**.

Once Plaintiff has filed his completed IFP application and required documents or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

If Plaintiff fails to timely file his notice of corrected address along with a completed IFP application and required documents or pay the filing fee, the court will recommend dismissal of this action without prejudice. **IT IS SO ORDERED**.

Dated: November 15, 2024

                                                     _____
                                                     Craig S. Denney
                                                     United States Magistrate Judge